UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BURNS,

                Plaintiff,

-against-

MARY PAT LONG, et al.,

                Defendants.

1:23-CV-9399 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order and judgment dated November 17, 2023, the Court dismissed this *pro se* action without prejudice because Plaintiff is barred, under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from bringing federal civil actions *in forma pauperis* ("IFP"), as a prisoner, unless he is under imminent danger of serious physical injury. (ECF 2 & 3.) Plaintiff filed his complaint while he was held in the Westchester County Jail ("WCJ"), the Clerk of Court mailed copies of the Court's November 17, 2023 order and judgment to Plaintiff at that facility, and it appears that he received them there.

      On December 29, 2023, the court received from Plaintiff a notice of appeal and a motion for leave to proceed IFP on appeal; they are both dated December 21, 2023, and it appears that Plaintiff mailed them from his current address, the Mid-Hudson Forensic Psychiatric Center ("Mid-Hudson"). (ECF 4.) Thus, it seems that, after the Court dismissed this action, but before Plaintiff filed his notice of appeal and motion for leave to proceed IFP on appeal, he was transferred from the WCJ to Mid-Hudson.

      On January 2, 2024, the Clerk's Office of the United States Court of Appeals for the Second Circuit received from Plaintiff, while he was at Mid-Hudson, a motion for an extension of time to file a notice of appeal, also dated December 21, 2023, brought under Rule 4(a)(5) of

the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"). It was subsequently forwarded to this court, and was received on January 5, 2024, though the Court regards it as received on January 2, 2024. *See* Fed. R. App. P. 4(d).

For the reasons set forth below, the Court grants Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal, but denies his motion for leave to proceed IFP on appeal.

## DISCUSSION

A.   **Rule 4(a)(5) motion**

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). With respect to a prisoner appearing *pro se*, a notice of appeal is considered filed on the date when the prisoner delivers his notice of appeal to correctional-facility officials for its delivery to the court. *See Houston v. Lack*, 487 U.S. 266 (1988). In the context of this "prison mailbox rule," "in the absence of contrary evidence, district courts in this circuit have tended to assume that [a] prisoner['s] papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order). The United States Court of Appeals for the Second Circuit has not yet resolved, however, whether to extend this "prison mailbox rule" to a *pro se* litigant confined in a mental hospital. *See Gibson v. City Municipality of New York*, 692 F.3d 198, 201 n.3 (2d Cir. 2012); *Walker v. Jastremski*, 430 F.3d 560, 564 n.4 (2d Cir. 2005).

Under Rule 4(a)(5), a litigant may seek an extension of time to file a notice of appeal. A Rule 4(a)(5) motion must be filed within 30 days after the expiration date of the period to file a notice of appeal, and must also show excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i), (ii).

Plaintiff had 30 days from the date that his November 17, 2023 order and judgment were entered (November 17, 2023), or until December 18, 2023, to file a timely notice of appeal.[1] Plaintiff's notice of appeal, which is dated December 21, 2023, and appears to have been mailed from Mid-Hudson on or about that date,[2] was received by the court on December 29, 2023. (ECF 4, at 1.) Because, notwithstanding the court's receipt of his notice of appeal on December 29, 2023, even under the "prison mailbox rule," Plaintiff did not appear to have had his notice of appeal mailed from Mid-Hudson until on or after December 21, 2023, after the relevant period expired on December 18, 2023, his notice of appeal is untimely.

Plaintiff had 30 days from the expiration date in which to file a timely notice of appeal, or until January 17, 2024, to file a timely Rule 4(a)(5) motion. Plaintiff's Rule 4(a)(5) motion is dated December 21, 2023,[3] it was received the Second Circuit on January 2, 2024, and was then forwarded to this court, which received it three days later, on January 5, 2024. (ECF 5.) Thus, under any relevant rule, Plaintiff's Rule 4(a)(5) motion is timely.

A Rule 4(a)(5) motion may only be granted when the moving party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(ii). In his Rule 4(a)(5) motion, Plaintiff states that his "[t]ransfer from []county jail[] to Mid-Hudson[] interrupted filing deadlines." (ECF 5.) Courts have found that, among the other events experienced by prisoners, prison transfers constitute good cause for the purpose of Rule 4(a)(5). *See Morrison v. Wolcott*, No. 9:22-CV-

---

[1] Because the last day of that 30-day period actually fell on Sunday, December 17, 2023, that period was extended to the next court-business day, Monday, December 18, 2023. *See* Fed. R. App. P. 26(a)(1)(C).

[2] Plaintiff provides no specific information as to the date that he submitted his notice of appeal to Mid-Hudson officials for its delivery to the court.

[3] Plaintiff also provides no specific information as to the date that he submitted his Rule 4(a)(5) motion to Mid-Hudson officials for its delivery to the court.

1267, 2023 WL 5367792, at *2 (N.D.N.Y. Aug. 22, 2023); *Levesque v. Clinton Cnty.*, No. 9:10-CV-0787, 2014 WL 2090803, at *2-3 (N.D.N.Y. May 19, 2014) (discussion in the context of a prisoner's transfer to Mid-Hudson); *Stephanski v. Superintendent of Upstate Corr. Facility*, No. 02-CV-0562, 2007 WL 210399, at *1 (W.D.N.Y. Jan. 25, 2007) (Bianchini, M.J.) (order). In addition, at least one judge of this court has apparently found that detainment in a psychiatric facility is a ground to grant Rule 4(a)(5) relief. *Lane v. N.Y.S. Office of Mental Health*, No. 11-CV-1941 (DLC), 2012 WL 1449207, at *1 (S.D.N.Y. Apr. 23, 2012); *see Levesque*, 2014 WL 2090803, at *2.

Because Plaintiff appears to assert that his failure to file a timely notice of appeal is attributable to his transfer from the WCJ to Mid-Hudson and his current hospitalization in Mid-Hudson, the Court finds that there is good cause to grant him Rule 4(a)(5) relief. The Court therefore grants Plaintiff's Rule 4(a)(5) motion and directs the Clerk of Court to treat Plaintiff's notice of appeal as timely filed.

**B.     Motion for leave to proceed IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." In its November 17, 2023 order and judgment, the Court certified, under Section 1915(a)(3), "that any appeal from [that] order [and judgment] would not be taken in good faith" (ECF 2 & 3), denying IFP for the purpose of an appeal, *see* 28 U.S.C. § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's November 17, 2023 order and judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal as moot.

## CONCLUSION

The Court grants Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal. (ECF 5.) The Court therefore directs the Clerk of Court to treat Plaintiff's notice of appeal (ECF 4, at 1) as timely filed.

The Court denies Plaintiff's motion for leave to proceed IFP on appeal as moot. (*Id.* at 2.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 23, 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge